# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2023AP1144-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Medical Incapacity Proceedings Against Jeffrey L. Murrell., Attorney at Law:<br><br>Office of Lawyer Regulation,<br>        Complainant,<br>    v.<br>Jeffrey L. Murrell,<br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MURRELL

| | |
|---|---|
| OPINION FILED: | August 23, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per curiam.

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2023AP1144-D

STATE OF WISCONSIN               :          IN SUPREME COURT

**In the Matter of Medical Incapacity Proceedings Against Jeffrey L. Murrell, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

   **v.**

**Jeffrey L. Murrell,**

        **Respondent.**

**FILED**

**AUG 23, 2023**

Samuel A. Christensen
Clerk of Supreme Court

The Court entered the following order on this date:

¶1 Attorney Jeffrey Lee Murrell was admitted to practice law in Wisconsin in 1995 and practices in Milwaukee, Wisconsin.

¶2 On June 29, 2023, the Office of Lawyer Regulation (OLR) filed a petition, pursuant to Supreme Court Rule (SCR) 22.34, requesting that Attorney Murrell be found to have a medical incapacity and that the court impose conditions on Attorney Murrell's continued practice of law in Wisconsin. See SCR 22.34.

¶3 The petition was accompanied by a stipulation executed by OLR and Attorney Murrell. In the stipulation, Attorney Murrell acknowledges that he suffers from a medical incapacity that at times substantially prevents him from performing the duties of an attorney to acceptable professional standards. Attorney Murrell admits that each of the factual allegations in OLR's petition is true and accurate.

¶4 The parties jointly recommend that conditions be imposed on Attorney Murrell's practice of law, requiring him to:

a. Enter into a contract with the Wisconsin Lawyer Assistance Program (WisLAP) to participate in its monitoring program for a period of three years;

b. Obtain follow-up care with his mental health providers as recommended by WisLAP;

c. Immediately self-report to OLR any police contact, arrests, or criminal charges; and

d. Arrange repayment of the $6,500 that the Wisconsin Lawyers' Fund for Client Protection paid to M.K. to reimburse her for the advance fee that she paid to Attorney Murrell to represent her son.

¶5 In the stipulation, Attorney Murrell represents and verifies that he fully understands his right to contest OLR's allegations of medical incapacity, to see and cross-examine witnesses called by OLR, to call witnesses and present testimony and evidence on his own behalf, to require OLR to prove its allegations by clear, satisfactory and convincing evidence, and to make arguments to the referee that OLR has failed to meet its burden of proof. Attorney Murrell further avers that he understands the ramifications of his entry into the stipulation;

that he has the right to consult counsel; and that his entry into the stipulation is made knowingly and voluntarily. The parties also state that the stipulation is not the result of a plea bargain, but instead represents Attorney Murrell's admission of a medical incapacity that substantially prevents him from performing the duties of an attorney to acceptable professional standards and his agreement to the conditions on his practice of law recommended by OLR.

¶6 The stipulation further provides that, in the event OLR determines that Attorney Murrell has failed to comply with the WisLAP monitoring condition, OLR may petition this court for a summary and immediate suspension of Attorney Murrell's license to practice law pending any further investigation or proceedings that may be necessary under the circumstances, and if OLR determines that Attorney Murrell has failed to comply with the other conditions set forth above, OLR may seek the issuance of an order to show cause why Attorney Murrell's license to practice law should not be summarily suspended.

¶7 Based on the parties' stipulation, which this court approves and adopts pursuant to SCR 22.34(10),[1] the court finds that Attorney Murrell currently suffers from a medical incapacity that at times substantially prevents him from performing the duties of an attorney to acceptable professional standards.

¶8 IT IS ORDERED that the petition is granted.

¶9 IT IS FURTHER ORDERED that the following conditions shall be imposed on Attorney Jeffrey Lee Murrell's practice of law:

    a. Attorney Jeffrey Lee Murrell shall enter into a contract with WisLAP to participate in its monitoring program for a period of three years;

    b. Attorney Jeffrey Lee Murrell shall obtain follow-up care with his mental health providers as recommended by WisLAP;

---

[1] SCR 22.34 (10) provides: "The petition may be accompanied by a stipulation of the director and the respondent to a suspension or to the imposition of conditions on the respondent's practice of law. The supreme court may consider the petition and stipulation without the appointment of a referee. If the supreme court rejects the stipulation, it shall issue an order consistent with the stipulation. If the supreme court rejects the stipulation, an available referee shall be selected from the panel provided in SCR 21.08, based on the location of the respondent's place of residence. The chief justice or, in his or her absence, the chief justice's delegee shall issue an order appointing the referee, and the matter shall proceed as a petition filed without a stipulation. A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the petition."

c. Attorney Jeffrey Lee Murrell shall immediately self-report to OLR any police contact, arrests, or criminal charges; and

d. Attorney Jeffrey Lee Murrell shall arrange repayment of the $6,500 that the Wisconsin Lawyers' Fund for Client Protection paid to M.K. to reimburse her for the advance fee that she paid to Attorney Murrell to represent her son.

¶10 IT IS FURTHER ORDERED that in the event OLR determines that Attorney Jeffrey Lee Murrell has failed to comply with the WisLAP monitoring condition, OLR may petition this court for a summary and immediate suspension of Attorney Jeffrey Lee Murrell's license to practice law pending any further investigation or proceedings that may be necessary under the circumstances, and if OLR determines that Attorney Jeffrey Lee Murrell has failed to comply with the other conditions set forth above, OLR may seek the issuance of an order to show cause why Attorney Jeffrey Lee Murrell's license to practice law should not be summarily suspended.

¶11 IT IS FURTHER ORDERED that no costs shall be imposed on Attorney Jeffrey Lee Murrell relating to this medical incapacity proceeding.